

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 1, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-825
Re: Is the El Paso School Board
required to meet the require-
ments of the Building Code of
the city of El Paso and obtain
a permit from the City of El
Paso for the purpose of con-
structing school buildings.

This will acknowledge receipt of your letter of May 25,
1939, requesting an opinion by this department with regard to
whether or not the school authorities of the City of El Paso
must comply with the Building Code of the city and procure a
permit in order to construct buildings within the city of El Paso
for the purpose of and use of the El Paso schools.

And you have attached to your request a letter from Mr.
A. S. Neuner, Building Inspector of the City of El Paso, dated
May 24, 1939, which letter is as follows:

"I am trying to find out what jurisdiction this
Department has over the construction of school buildings
within the city limits of El Paso, Texas.

"Our Building Code is based on the Building Code
of the National Board of Fire Underwriters, which re-
quires all school buildings to be of fireproof construc-
tion and that the plans of a school building meet all
requirements of the Code before a permit is issued.

"The El Paso School Board has taken the stand that
the City has no jurisdiction and therefore does not have
to meet the requirements of the Building Code or obtain
a permit from the City for school building construction.

"Please inform me if we have any jurisdiction or not.

"I am enclosing a copy of our Building Code."



And you also attach to your request a copy of the Building Code of the City of El Paso with our attention directed to Section 402, Fireproof Construction Required. Subsection 2 thereof reads as follows:

"2. Special occupancies. Schools, asylums detention buildings, hospitals, jails, nurseries, and theatres hereafter erected shall be of fireproof-construction, except that theaters having a seating capacity of not more than 1000 people and without dressing rooms or stage upon which stage scenery may be used, and which are used and designed for use only for motion pictures or for purposes of assembly, and which are situated outside of Fire Zone No. 1, may be of ordinary construction, provided that all interior walls and all ceilings shall have a fire resistance rating of not less than one hour and the projection room shall have a fire resistance rating of not less than two hours, under the standard tests of the National Board of Fire Underwriters."

In reply to your communication, we wish to advise that from an independent investigation made by this Department after receipt of your request, we have procured the following information which we are advised is authentic and so we rely thereon.

Under Article 3781, et seq of the Revised Civil Statutes of Texas of 1879, the City of El Paso assumed control of the schools within that city on the 4th day of December, 1882, and has since said day continually controlled the schools within it as a part of the city government as is in such cases made and provided by law.

On page 24 of House Bill No. 196, Chapter 5, of the Acts of the Legislature of 1907, special laws, a charter was granted to the City of El Paso and in Section 1 of said charter it provided:

". . . all the inhabitants of the City of El Paso, in El Paso County, Texas, as the boundaries and limits of said city are herein established or may be hereafter established shall constitute and continue to be a body politic and corporate by the name and style of the 'City of El Paso' and as such they and their successors by that name shall have perpetual succession and shall have, exercise and enjoy all of the rights, immunities, powers, privileges and franchises now possessed and enjoyed by said city as well as those herein granted or conferred."



In Section 2 of the same charter, it further provides:

". . . and it shall have and exercise all powers
of municipal government not prohibited to it by this
charter or by some general law of the State of Texas,
or by the provisions of the Constitution of Texas."

Section 28 of said charter gives the City of El Paso
control over the school fund of such city and Section 70, Subsec-
tion (a), under general powers and duties of the city council
gives to such city the following powers:

". . . to direct and determine in what part of said
city buildings of wood shall not be erected;

". . . to provide for and regulate the safe construc-
tion, inspection and repair of all private and public
buildings within said city, and to regulate, restrain, or
prohibit the erection of wooden or frame buildings within
the limits of said city, or any part thereof, . ."

And in pursuance to the Home Rule Act of the Legislature
of 1913, governing cities of like kind and character as the City
of El Paso, the City of El Paso did adopt and come under the Home
Rule Act.

And Section 25, Article 1175, Revised Statutes, the Home
Rule Act, provides:

"25. To provide for the establishment and designa-
tion of fire limits and to prescribe the kind and character
of buildings or structures or improvements to be erected
therein, and to provide for the erection of fire proof
buildings within certain limits, and to provide for the
condemnation of dangerous structures or buildings or
dilapidated buildings or buildings calculated to increase
the fire hazard, and the manner of their removal or destruc-
tion."

Section 26, Article 1175, Revised Statutes, the Home Rule
Act, provides:

"26. To divide the city in zones or districts, and
to regulate the location, size, height, bulk and use of
buildings within such zones or districts, and to establish
building lines within such zones or districts or otherwise,
and make different regulations for different districts and

Hon. T. M. Trimble, June 1, 1939, Page 4

thereafter alter the same. The governing authorities may be authorized by their charter to create a commission or board for the purpose of carrying out the powers of this section, or may provide for the creation of a board of appeals or review for the purpose of hearing and deciding on appeals from and reviewing any order, requirement, decision or determination of the governing authorities in carrying out the powers and authority herein conferred; provided the authority and power herein conferred shall never be construed to be a limitation of any other power and authority conferred in this chapter."

And Section 32 of the Home Rule Act (Article 1175, R.S.) as adopted by the City of El Paso, provides as follows:

"32. To provide for the establishment of public schools and public school system in any such city, and to have exclusive control over same and to provide such regulations and rules governing the management of same as may be deemed advisable; to levy and collect the necessary taxes, general or special, for the support of such public schools and public school system."

Wedo not deem it necessary to cite authorities in making the statement that cities of the kind and class as the City of El Paso have authority to pass and enforce a Building Code.

"Property of public schools is held in trust by city, district, county or other statutory agency to be used for the benefit of school children therein." Love vs. City of Dallas, 40 S. W. (2d) 20.

It can thus be seen that the City of El Paso has controlled its schools long prior to the granting of a special charter to said city by the Legislature of Texas, and long prior to the adoption of the Home Rule Act, and by virtue of the above cited and quoted case, the property of the public schools is held in trust by the city.

We, therefore, hold that the school authorities of the City of El Paso must meet and comply with each requirement of the Building Code of the City of El Paso, and procure from the proper authorities thereof a permit to erect such building or buildings as they desire to so erect within the corporate limits of said city.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Geo. S. Berry
Assistant

GSB:N
APPROVED

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRN